IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| CHARLES A. COLOSIMO, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:08-cv-00397 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| CHARLES A. COLOSIMO, | ) | |
| CAROLYN COLOSIMO, and | ) | |
| | ) | |
| Defendants on Counterclaim. | ) | |

## UNITED STATES' RESPONSE TO CHARLES COLOSIMO'S STATEMENT OF UNCONTESTED FACTS

Pursuant to Local Rule 56(b)(2), the United States responds to Charles Colosimo's "Statement of Undisputed Facts in Support of Motion for Summary Judgment" as set forth below.

1.     The United States admits that Andrew Gillaspey first told Charles Colosimo about C&C Distribution Services, Inc.'s ("C&C Distribution") unpaid taxes in June 2004. The United States denies that this is the first notice Mr. Colosimo received that C&C Distribution was not meeting its federal tax obligations. In November 2003, Mr. Colosimo received IRS notices informing him that C&C Distribution had not filed a federal unemployment tax return (Form 940) for 2001 and had not filed federal employment tax returns (Forms 941) for the quarters ending September 30, 2000; June 30, 2001; and March 31, 2002. Mr. Colosimo faxed

these notices to C&C Distribution's accountant, Wendy Wiedner soon thereafter. (Appendix at 48-50, 51-53, Wiedner Dep. Tr. at 8-10, 25-27; Appendix 57-60, Def. Ex. 2017.)

2.      Denies.  In November 2003, Mr. Colosimo received IRS notices informing him that C&C Distribution had not filed a federal unemployment tax return (Form 940) for 2001 and had not filed federal employment tax returns (Forms 941) for the quarters ending September 30, 2000; June 30, 2001; and March 31, 2002.  Mr. Colosimo faxed these notices to C&C Distribution's accountant, Wendy Wiedner soon thereafter. (Appendix at 48-50, 51-53, Wiedner Dep. Tr. at 8-10, 25-27; Appendix 57-60, Def. Ex. 2017.)

3.      Admits.

4.      Admits.

5.      Admits.

6.      Admits.

7.      Admits.

8.      Admits.

9.      Admits.

10.     Admits.

11.     Admits.

12.     Admits .

13.     Admits.

14.     Denies.  The United States admits that Andrew Gillaspey prepared and signed

C&C Distribution's Forms 941 for the quarters ending June 30, 2001; September

30, 2001; December 31, 2001; March 31, 2002; March 31, 2003; June 30, 2003;

September 30, 2003; December 31, 2003; and March 31, 2004.  The United States

denies that the Forms 941 for the quarters ending March 31, 2001; June 30, 2002;

September 30, 2002; and December 31, 2002 were prepared exclusively by

Andrew Gillaspey.  They were prepared by Andrew Gillaspey and CPA Pamela

Schneider on or about August 29, 2005, at which time Andrew Gillaspey signed

them. (Appendix 25-43, Gillaspey Dep. Tr. at 14-32.)

15.     Admits.

16.     Admits that C&C Distributions Services, Inc. did not file Forms 941 for any

quarter of 2001, 2002, 2003, or 2004 prior to June 1, 2004.  The United States

denies that the failure to file Forms 941 during these periods was exclusively

Andrew Gillaspey's responsibility.  Charles Colosimo signed C&C Distribution's

Forms 941 for the quarters ending September 30, 2004 and December 31, 2004,

and Charles Colosimo signed C&C Distribution's federal income tax returns for

the years 2001 through 2004.  (Appendix at 13-15, 16-18, Charles Colosimo Dep.

Tr. at 23-25, 30-32; Appendix at 54,  Def. Ex. 2014; Appendix at 55, Def. Ex.

2015; Appendix at 61-73, Def. Ex. 2023; Appendix at 74-83, Def. Ex. 2024;

Appendix at 84-94, Def. Ex. 2025; Appendix at 95-106, Def. Ex. 2026.)  Thus,

Charles Colosimo could have signed C&C Distribution's Forms 941.  Further,

during a meeting with the IRS in June 2006, Charles Colosimo Sr. and Carolyn

Colosimo told a representative of the IRS that Carolyn Colosimo had the authority at C&C Distribution to, among other things, prepare, review sign, and transmit payroll tax returns.  (Appendix at 108-109, Denning Decl.at ¶¶ 4-11; Appendix at 113, Exh. 1 to the Denning Decl. at 4.)

17.   Denies. C&C Distribution's payroll taxes were not paid between 2001 and 2004. (Appendix 107, Denning Decl. at ¶ 2.)  The United States admits that Andrew Gillaspey had the password for filing C&C Distribution's payroll taxes electronically through the EFTS system.  The United Stated denies that Charles Colosimo did not have the EFTS password simply because he did not know it; the password was an asset of C&C Distribution, of which Charles Colosimo owned fifty percent and in which he served as an officer 2001 and 2004.  (Appendix at 5-6, Carolyn Colosimo Dep. Tr. at 15-16; Appendix at 11-12, Charles Colosimo Dep. Tr. at 16-17.)

18.   Admits.

19.   Denies.  Andrew Gillaspey's actions did not divest Charles Colosimo of the status, duty, and authority to control the finances of C&C Distribution.  In support, the United States relies on the facts presented in Section III of its brief in support of its motion for summary judgment against Charles Colosimo, which explain why Charles Colosimo was responsible for collecting, truthfully accounting for and paying over C&C Distribution's withheld payroll and income taxes.

- 4 -

20.   Denies.  The United States admits that Andrew Gillaspey was one person responsible for collecting, truthfully accounting for, and paying over C&C Distribution Services, Inc.'s withheld income and employment taxes.  United States denies he was the only responsible person, and relies on section III of its brief supporting its motion for summary judgment against Charles Colosimo in which it explains why Charles Colosimo was also responsible for collecting, truthfully accounting for, and paying over C&C Distribution's withheld income and employment taxes.

21.   Denies.   During June 2005, Mr. Colosimo signed C&C Distribution's Employer's Quarterly Federal Tax Returns (Forms 941) for the third and fourth quarters of 2004.  (Appendix 16-18, Charles Colosimo Dep. Tr. at 30-32; Appendix 55, Def. Ex. 2015 (quarter ending September 30, 2004); Appendix 56, Def. Ex. 2016 (quarter ending December 31, 2004).)  Charles Colosimo and Andrew Gillaspey testified that C&C Distribution closed its doors on or about Labor Day 2004.  (Appendix at 24, Gillaspey Dep. Tr. at 10 (saying it was September 4, 2004); Appendix at 19, Charles Colosimo Dep. Tr. at 37 (saying Labor Day 2004).)  C&C Distribution disbursed funds at least through December 30, 2005 from a Meta Bank/Iowa Savings Bank account held in its name. (Appendix at 115, Second Cantrell Decl. at ¶ 3.)

22.   Denies.   During June 2005, Mr. Colosimo signed C&C Distribution's Employer's Quarterly Federal Tax Returns (Forms 941) for the third and fourth quarters of 2004.  (Appendix 16-18, Charles Colosimo Dep. Tr. at 30-32;

Appendix 55, Def. Ex. 2015 (quarter ending September 30, 2004); Appendix 56, Def. Ex. 2016 (quarter ending December 31, 2004).)  Charles Colosimo and Andrew Gillaspey testified that C&C Distribution closed its doors on or about Labor Day 2004.  (Appendix at 24, Gillaspey Dep. Tr. at 10 (saying it was September 4, 2004); Appendix at 19, Charles Colosimo Dep. Tr. at 37 (saying Labor Day 2004).)  C&C Distribution disbursed funds at least through December 30, 2005 from a Meta Bank/Iowa Savings Bank account held in its name. (Appendix at 115, Second Cantrell Decl. at ¶ 3.)

Dated this 23rd day of December, 2009.

Respectfully submitted ,

___*s/ Robert E. Fay*___

Attorney for the Defendant:

ROBERT E. FAY
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-9209
Fax: (202) 514-6770
Email: Robert.E.Fay@usdoj.gov

- 6 -

CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2009, a true and accurate copy of the above and foregoing UNITED STATES' RESPONSE TO CHARLES COLOSIMO'S STATEMENT OF UNCONTESTED FACTS was sent via prepaid U.S. mail to the following:

James R. Monroe, Esq.
P.O. Box 41355
Des Moines, IA 50311

Jerrold Wanek
Garten & Wanek
835 Insurance Exchange Bldg.
Des Moines, IA 50309

*s/ Robert E. Fay*
ROBERT E. FAY
United States Department of Justice
Tax Division